CAUSE NO. 17-2001-158

| | | |
|---|---|---|
| LAURA NEWSOM,<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§ | 158th JUDICIAL DISTRICT |
| KROGER TEXAS LP,<br>Defendant. | §<br>§ | DENTON COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

COMES NOW, Defendant Kroger Texas L.P. in the above-entitled and numbered cause and files its Original Answer, and, in support thereof, would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Petition, demands strict proof thereof and, to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

### II.
### DEFENSES

1. Defendant had neither actual nor constructive knowledge of the condition about which Plaintiff complains, and further asserts that, in any event, the alleged hazard was not "unreasonably dangerous."

2. Plaintiff's damages or injuries, if any, were caused by the acts of third persons not under the control of Defendants. Such acts or omissions of said third persons were the sole

and/or a producing and/or a proximate and/or an intervening and/or supervening cause of Plaintiff's damages or injuries, if any.

3. The condition of which Plaintiff complains was open and obvious or a known risk. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

4. Plaintiff failed to use that degree of care and caution that would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause Plaintiff's injuries and damages, if any. Such acts or omissions of Plaintiff were the sole and/or a producing and/or a proximate and/or a supervening and/or an intervening cause of Plaintiff's damages or injuries, if any.

5. In the alternative, the accident complained of was an unavoidable accident, as that term is defined under Texas law.

6. Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

7. In the unlikely event an adverse judgment is rendered against Defendant in this matter, Defendant respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

8. Any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code §41.0105.

9. Pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent that Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or

loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

## III.
## COURT REPORTER REQUESTED

Defendant respectfully demands a court reporter be present at all proceedings before the Court.

## IV.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant Kroger Texas L.P., respectfully prays that Plaintiff take nothing by this cause of action, that Defendant be permitted to recover the costs expended on its behalf, and also prays for all other and further relief, both general and special, at law and in equity, to which it shows itself to be justly entitled.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlergroup.com
**Michael W. Stumbaugh**
State Bar No. 24041987
mstumbaugh@peavlergroup.com
**THE PEAVLER GROUP**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on April 19 2017.

/s/ B. Kyle Briscoe

B. Kyle Briscoe